## S. P. AMENT *vs.* J. M. BRENNAN & others.

### October Term, 1873.

EXECUTION—LEVY—LAND WITH LIEN RESERVED.—Land held under an absolute deed, upon the face of which a lien is reserved for a balance of unpaid purchase-money, is subject to levy and sale by execution against the grantee, the purchaser taking the land *cum onere.*

PROBATE OF DEED—CLERK'S CERTIFICATE.—A certificate of probate reciting that the bargainor appeared "before me, F. R. C., clerk," and signed "F. R. C., clerk, by P. L. N., D. C.," is good.

ESTOPPEL—STATEMENT IN BILL.—The purchaser is not estopped to set up the deed by the fact that he stated in his original bill that there was no such deed, the proof showing that both the vendor and vendee supposed, at the time, that such was the fact, and all parties agreeing that the pleadings may be treated as corrected in this regard.

EXECUTION SALE, LOT OR LOTS.—The title papers of the judgment-debtor must determine the fact whether, for the purpose of execution sale, realty shall be treated as one lot, or several lots.

THE CHANCELLOR :—The contest in this case is over the surplus proceeds of a lot in Nashville after satisfying the vendor's lien reserved on the face of his absolute deed to the vendee, and is between an attaching creditor of the vendee, and another creditor of the vendee claiming under a prior execution, levy and sale of said land. The latter *prima facie* has the better right, but this right is resisted upon several grounds.

First, it is said that the vendee had no such interest in the land as could be reached by execution, because a lien was reserved on the face of his deed for a part of the purchase-money. The argument in support of this position is, that, in such case, the vendee is a trustee for the vendor to the extent of the unpaid purchase-money, and that his legal interest consists in the naked legal title, and his beneficial interest is equitable, and neither is, therefore, subject to levy by execution. It is true that in this state the courts have held that the lien of a vendor reserved on the face of his deed is, as between him and his vendee, substantially the same as a lien by mortgage so far as the enforcement of the remedy is concerned. *Hines* v. *Perkins*, 2 Heisk. 395 ; *Ellis* v. *Temple*, 4 Cold. 315. It is also well settled that a naked legal title, such as that of a mortgagee or of a trustee under an assignment for the benefit of creditors, is not leviable by execution, for it has no value in itself. And it is equally well settled that an equitable interest in property is not leviable, for an execution reaches only legal interests. But it is too clear for argument that the interest of a vendee in land which has actually been conveyed to him is legal not equitable, and it has never been held by any court, so far as I am aware, that a legal interest in land coupled with the legal title is not leviable by execution although it may be at the time subject to an equitable encumbrance. The rule in such cases is *caveat emptor*, and the purchaser takes the legal interest of the debtor *cum onere*. *Simmons* v. *Tillery*, 1 Tenn. 274 ; *Berry* v. *Walden*, 4 Hay. 174.

It is next objected that the deed under which the legal

title vested in the debtor is void, as a muniment of title, because the clerk's certificate of probate is fatally defective. This certificate is in these words: "Personally appeared before me, F. R. Cheatham, clerk of the county court of said county, the above named bargainor (naming him), with whom I am personally acquainted, and who acknowldeged that he executed the annexed instrument for the purposes therein contained. Witness my hand at office this 6th day of August, 1859. F. R. Cheatham, clerk, by P. L. Nichol, D. C." The argument is, that the deputy clerk cannot certify to the fact that the bargainor appeared before the clerk, or that the clerk is personally acquainted with him. He can only certify to his own acts and knowledge, and the clerk must certify to his. But that is precisely what has been done here. This is not a certificate by the deputy clerk at all. It is a certificate by the clerk that the bargainor appeared before him, and that he was personally acquainted with him. The fact that the signature is made by the deputy clerk for the clerk does not change the character of the act. Such a form of signature would be good upon general principles of law, for the clerk might, like any other principal, be disabled from using his hand, or be unable to write, or find it impossible to sign in person by reason of the pressure of business. In all such cases, it is well settled that the signature may be made by proxy. The fact that the proxy is a legal deputy clerk authorized himself to take the probate, does not, of course, prevent him from acting as the amanuensis or agent of his principal. There is nothing in the authorities cited and relied on by counsel in conflict with these elementary principles. *Peacock* v. *Tompkins*, 1 Hum. 138; *Beaumont* v. *Yeatman*, 8 Hum. 542; 7 Id. 84.

It is next insisted that the purchaser at the execution sale is estopped to set up the deed, having in his original pleadings, which are sworn to, asserted that there was no such deed in existence. But this fact is fully explained by the circumstances. The vendor and vendee both labored under the impression that no such deed had been made, and so

stated the fact, admitting, however, that the sale was actually made. The purchaser was honestly misled by these statements, and had certainly not the least motive to misstate the fact. And the parties have agreed to consider the pleadings amended according to the facts. The doctrine of estoppel has never been carried so far as to prevent parties from correcting innocent mistakes, which have not been acted upon by third persons to their prejudice.

Lastly, it is urged that the execution sale was void because the levy was upon several town lots, and they were sold in block, instead of separately. 6 Cold. 328 ; 7 Cold. 446. But an examination of the levy shows that although three lots are nominally included, yet all except one and seven feet of another are expressly excepted out of it, because previously sold and conveyed by the debtor. Moreover, the deed itself to the debtor describes the property actually levied on and sold as one lot, and it is the title of the debtor himself which fixes the fact whether the property shall be considered as one lot for the purpose of execution sale, or several.

The result is that the title of the purchaser at the execution sale is superior to that of the attaching creditor, and it will be decreed accordingly. But the costs will be paid out of the fund.